UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD BAEHR,

          Plaintiff,

          v.

STEPHEN P. DEWEY,
dba STEPHEN P. DEWEY, ESQ.,

          Defendant.

Civil Action No.:

## VERIFIED COMPLAINT
(Jury Trial Demanded)

Plaintiff, Richard Baehr ("Plaintiff"), brings this action to secure redress against unlawful debt collection practices engaged in by defendant, Stephen P. Dewey, dba Stephen P. Dewey, Esq., ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. §1692k.

2. Venue in this Court is proper because (a) Defendant is located in this venue and transact business in this venue.

## NATURE OF THIS ACTION

3. In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendants for, *inter alia*, violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*. [hereinafter "FDCPA"]).

## THE FDCPA

4.      The FDCPA regulates the behavior of debt collectors attempting to collect debts on behalf of others or on their own behalf in the name of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).  Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. §1692(b).  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(e).

5.      The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties.  The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692*k*. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6.      The FDCPA is a strict liability statute that provides for actual and statutory damages upon the showing of one violation. The Second Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA

should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d at 1318.

7. The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

## PARTIES

8. Plaintiff is a natural person residing in West Babylon, New York.

9. Plaintiff is a consumer as that term is defined by §1692 (a)(3) of the FDCPA, and according to Defendant, Plaintiff allegedly owed a debt as that term is defined by 15 U.S.C. § 1692*a*(5).

10. Upon information and belief, Defendant is a lawyer engaged in the collection of consumer debts in the State of New York, doing business as Stephen P. Dewey, Esq., with his principal place of business located at 1 Gilbert Park, Ossining, NY 10562.

11. Upon information and belief, Defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

## FACTS

12. Sometime prior to November, 2007, Plaintiff allegedly incurred a financial obligation (the "Alleged Debt") to non-party Pediatric Urology Associates P.C. ("PUA") for medical services provided to Plaintiff's minor child.

13. The Alleged Debt is alleged to have arisen out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes and thus a "debt" as defined by 15 U.S.C. §1692a(5).

14. On or before October 10, 2007, through Defendant as its attorney, PUA filed a debt collection lawsuit relating to the Alleged Debt in the Civil Court of the State of New York, Bronx County, proceeding under the caption *PEDIATRIC UROLOGY ASSOCIATES, P.C. vs. BAEHR, RICHARD BAEHR, FRANCES*, Index No.: CV-077986-07/BX (the "Bronx Debt Collection Lawsuit").

15. The Bronx Debt Collection Lawsuit was filed in the Bronx County branch of the New York City Civil Court despite the fact that none of the parties resided in that judicial district and despite the fact that the no contracts giving rise to the Alleged Debt were signed in that judicial district.

16. Despite the jurisdictional deficiencies in the Bronx Debt Collection Lawsuit, Plaintiff reached a settlement with PUA which was reduced to a stipulation of settlement executed by the Plaintiff and Defendant as attorney for PUA (the "Stipulation of Settlement").

17. The Stipulation of Settlement included a confessed judgment provision under which, in the event of Plaintiff's default, judgment would be entered against him

4

"in the Civil Court of the City of the City of New York, County of the Bronx or the appropriate Court having jurisdiction without further notice to be given to said debtor."

18. On or before June 7, 2015, through Defendant as its attorney, PUA filed a lawsuit against Plaintiff for breach of the Stipulation of Settlement in the Supreme Court of the State of New York, Westchester County, proceeding under the caption *PEDIATRIC UROLOGY ASSOCIATES, P.C. - v. - RICHARD BAEHR et al*, Index No.: 59931/2015 (the "Westchester Debt Collection Lawsuit").

19. The Westchester Debt Collection Lawsuit alleges that PUA is located in Westchester County, that venue was proper based upon "Locus of Transactions" but acknowledges that Plaintiff resides in West Babylon, NY.

20. Plaintiff is a resident of Suffolk County New York; he has never resided in Westchester County, the medical services provided to Plaintiff's minor child by PUA were not provided in Westchester County, nor did Plaintiff sign any agreements with PUA in Westchester County.

21. Concerned by the severity of the Westchester Debt Collection Lawsuit and uncertain of the jurisdictional defects, Plaintiff hired counsel to defend him and reached a settlement with PUA.

22. As a result of Defendant's unlawful conduct complained of herein, Plaintiff has sustained actual damages including, but not limited to, injury to reputation, invasion of privacy and out-of-pocket expenses.

**FIRST CAUSE OF ACTION**
**<u>VIOLATION OF THE FDCPA</u>**
(15 U.S.C. § 1692 *et. seq.*)

23. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

5

24. Defendant has violated the FDCPA in, *inter alia*, the following ways:

(a) 15 US.C. §1692i(a)(2) by bringing a legal action on a debt against Plaintiff in a judicial district or similar legal entity other than that in which Plaintiff signed a contract sued upon or in which Plaintiff resided at the commencement of the action;

(b) 15 U.S.C. §1692e(2) in that Defendant made false representations of the character, amount, or legal status of the Alleged Debt;

(c) 15 U.S.C. §1692e(5) in that Defendant threatened, or by extension took, action that cannot legally be taken;

(d) 15 U.S.C. §1692e(10) in that Defendant made false representations and used deceptive means to collect or attempt to collect the Alleged Debt;

(e) 15 U.S.C. §1692f by otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

25. As a result and consequence of Defendant's repeated violations of the FDCPA alleged herein, Plaintiff has been injured and Plaintiff is thus entitled to an award of damages in accordance with the FDCPA.

**WHEREFORE**, Plaintiff seeks judgment in his favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages 15 U.S.C. § 1692k(a)(1);

(b) Statutory damages 15 U.S.C. § 1692k(a)(2);

(c) Costs and reasonable attorney's fees 15 U.S.C. § 1692k(a)(3); and

(d) Such other and further relief as may be necessary, just and proper.

Dated: Nyack, New York
November 5, 2015

**THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

By:_____
**ROBERT J. NAHOUM**
48 Burd Street, Suite 300
Nyack, NY 10960
(845) 450-2906
rjn@nahoumlaw.com

## VERIFICATION

STATE OF NEW YORK    )

COUNTY OF SUFFOLK   )

RICHARD BAEHR, being duly sworn deposes and says:

I am one of the debtors herein. I affirm under penalty of perjury that I have read the foregoing Verified Complaint and know the contents thereof; that the same are true to my own knowledge except as to those matters stated to be upon information and belief; and as to those matters I believe them to be true. The grounds of my information and belief as to matters not stated upon my knowledge are statements and/or personal records.

_____
RICHARD BAEHR

Sworn to Before Me This
___ day of November 2015

AMANDA M MELENDEZ
Notary Public - State of New York
NO. 01ME6320725
Qualified in Nassau County
My Commission Expires Mar 9, 2019

8