Stephen P. Dewey (SD1354)
1 Gilbert Park
Ossining NY 10562
Mailing Address:
P.O. Box 2511
Briarcliff Manor NY 10510
(914) 923-6401

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Civil Action No: 15 CV 8699
-------------------------------------------------------------------X

RICHARD BAEHR,
                            Plaintiff,
        -against-                                       **ANSWER**
                                                   with
STEPHEN P. DEWEY, ESQ,                           **COUNTERCLAIM**
                                Defendant.
-------------------------------------------------------------------X

      STEPHEN P. DEWEY, ESQ., now appears and in answering the Plaintiff, respectfully alleges upon information and belief as follows states as follows:

### JURISDICTION AND VENUE

1. Defendant acknowledges paragraphs numbered "1" and "2" in the Complaint.

### NATURE OF ACTION

2. Defendant denies knowledge or lacks information sufficient to state an answer to paragraph numbered "3" in the Complaint.

### FDCPA

3. Defendant refers all questions of law to the Trial Court for determination as to the applicability of 15 U.S.C. § 1692, *et. seq.* as an answer to paragraphs numbered "4", "5", "6" and "7" in the Complaint.

**PARTIES**

4. Defendant acknowledges paragraph numbered "8" in the Complaint.

5. Defendant denies knowledge or lacks information sufficient to paragraph numbered "9" in the Complaint to state that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3), *et. seq.* , and refers all questions of law to the Trial Court for determination therein.

6. Defendant admits, in part, as an answer to paragraphs numbered "10" and "11" in the Complaint that Defendant is an Attorney engaged in the practice of law, and denies any inference as to the engagement of law as a "debt collector" as defined by 15 U.S.C. § 1692(a)(6), *et. seq.,* and refers all questions of law to the Trial Court for determination as to the applicability therein.

**ANSWER TO FACTS**

7. Defendant denies the allegations of the underlying actions being named "debt collection lawsuits" as an answer to paragraphs numbered "12", "13", "14", "15", "16", "17", "18", "19", "20" and "21". Defendant denies the allegations that "PUA" was a "non-party", and Defendant admits that he was retained by said client to represent them. Defendant admits that Plaintiff consented to the stipulation of settlement and jurisdiction of the Court, and had the benefit of Counsel therein. Defendant acknowledges that Plaintiff fell into default in the terms of the stipulation of settlement and after the three-year statutory confession period.

8. Defendant denies the allegations set forth in paragraph numbered "22".

**ANSWER TO CAUSE OF ACTION**

9. Defendant denies knowledge or lacks information sufficient to paragraphs numbered "23", "24" and "25" in the Complaint, and refers all questions of law relative to 15 U.S.C. § 1692(a)(3), *et. seq.* , to the Trial Court for determination therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 9 thereof.

11. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained because the Court lacks *in personam* jurisdiction over the Defendant, and, by reason thereof, each cause of action should be dismissed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 11 thereof.

13. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained because the Plaintiff lacks standing; and by reason thereof, each cause of action should be dismissed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 13 thereof.

15. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained because Plaintiff fails to set forth or allege facts sufficient to state a claim; and by reason thereof, each cause of action should be dismissed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 15 thereof.

17. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained because the Plaintiff has failed to name and/or join all necessary parties to the action; and by reason thereof, each cause of action should be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 17 thereof.

19. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained pursuant to applicable statute of limitations, and/or under the Doctrine of Laches; and by reason thereof, each cause of action should be dismissed.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 19 thereof.

21. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained pursuant to the Attorney's Doctrine of Fair and Good Faith dealings; and by reason thereof, each cause of action should be dismissed.

### AS AND FOR A COUNTERCLAIM

22. That Defendant demands sanctions in the form of legal fees unjustly incurred in defense of Plaintiff's wasteful and frivolous action in the amount $2,500.00.  This Court may, in its discretion, award costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees resulting from frivolous conduct as defined in Rule 11, and/or under the spirit intended under the Lawsuit Abuse Reduction Act, and/or in accordance with 22 NYCRR 130-1.1©) to any party or attorney in a civil action and, in addition or in lieu of awarding costs, may impose financial sanctions upon any party or attorney who engages in such frivolous conduct. 22 NYCRR 130-1.1(a).

23. That your deponent has been admitted to the practice of law in the State of New York, and is actively engaged in litigation in the Justice, City, Civil and Supreme Courts of the State of New York,  as well as, within the respective Federal Bankruptcy and District Courts of New York.

24. That Plaintiff freely and willfully entered into an amicable stipulation of settlement, ultimately defaulted in the terms therein, subsequently had the advise of Counsel, and settled all matters with said Counsel, including a Mutual Release for all actions thereunder.  Upon information and belief, Plaintiff now brings and prolongs this action in bad faith.

25. That the counterclaim/sanctions for the reasonable value of legal services rendered in a litigated action in Federal Civil Courts, to include, but not limited to, related work in defense of the Plaintiff's frivolous action expected to exceed the amount of Two Thousand Five Hundred and 00/100 ($2,500.00) Dollars.

26. That the counterclaim/sanctions for the reasonable value of Defendant's potential increased fees for malpractice insurance due to notification of Defendant's carrier to defend the Plaintiff's frivolous action and Defendant may suffer increased costs to insure coverage for Defendant's legal career, and Defendant should be rewarded punitive damages as a result of Plaintiff's egregious and frivolous action.

**WHEREFORE,** Defendant demands Judgment dismissing the Plaintiff's Complaint, and award Defendant with costs, reasonable attorney's fees and/or punitive damages, and for any such further relief as the Court may deem just and appropriate.

Dated:  Ossining, New York
        November 24, 2015

                                                /**s**/ Stephen P. Dewey
                                           STEPHEN P. DEWEY (SD1354)
                                           Defendant
                                           1 Gilbert Park
                                           Ossining NY 10562
                                           Mailing Address:
                                           P.O. Box 2511
                                           Briarcliff Manor NY 10510
                                           (914) 923-6401